UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                          :

DESMOND QUICK,                        :

                            :

               Plaintiff,        :        24-CV-09297 (JAV)

                            :

      -v-                    :        <u>ORDER OF SERVICE</u>

                            :

DAGOSTINOS SUPERMARKET FRANCHISE, et al.,  :

                            :

           Defendants.      :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Desmond Quick, who is appearing *pro se* and is presently incarcerated in the Auburn Correctional Facility, originally filed this action seeking damages relief under 42 U.S.C. § 1983.[1] He sues: (1) "Dagostinos Supermarket Franchise," which appears to be D'Agostino Supermarkets, Inc. ("D'Agostino's"); (2) Russell Slick Watson, the manager of the D'Agostino's store located at 633 Columbus Avenue, in New York, New York; (3) Detective Isaac Moultry; (4) Detective Diaz. The Court understands Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1981 and under state law.

By order dated December 11, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance

---

[1] Plaintiff filed his complaint while he was incarcerated in the Elmira Correctional Facility.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

### A.  USMS Service

To allow Plaintiff to effect service on the defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for D'Agostino Supermarkets, Inc. and Defendant Russell Slick Watson.  The Clerk of Court is further instructed to issue a summons for Defendant "Dagostinos Supermarket Franchise," which appears to be D'Agostino Supermarkets, Inc., and Defendant Russell Slick Watson, and deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the amended complaint on each of these defendants.  The addresses for these defendants are listed on the attached Appendix.

If the amended complaint is not served within 90 days after the date summonses for the defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

**B. Waiver of Service**

The Clerk of Court is further directed to electronically notify the New York City Police Department and the New York City Law Department of this order.  The Court requests that Detective Isaac Moultry, Shield #3250, and Detective Diaz of the 24th Precinct on the Upper West Side of Manhattan, waive service of summons.

The Court further directs that, if the New York City Police Department is unable to waive service for Detective Diaz because Plaintiff has not included the full name or badge number, the New York City Law Department must provide the full names and badge numbers within 60 days of the date that the waiver of service is returned unexecuted.

## CONCLUSION

The Court directs service on Defendants "Dagostinos Supermarket Franchise," which appears to be D'Agostino Supermarkets, Inc., and Russell Slick Watson.

The Court further directs the Clerk of Court to: (1) issue summonses for Defendants "Dagostinos Supermarket Franchise," which appears to be D'Agostino Supermarkets, Inc., and Russell Slick Watson; (2) complete USM-285 forms with the service addresses for each of those defendants; and (3) deliver all documents necessary to effect service of a summons and the amended complaint on each of those defendants to the USMS.

The Court directs the Clerk of Court to serve a copy of this Order and the Complaint on the New York City Law Department at: 100 Church Street, New York, NY 10014.

The Clerk of Court is further directed to electronically notify the New York City Police Department and the New York City Law Department of this order.  The Court requests that Detective Diaz and Detective Isaac Moultry, Shield #3250, of the 24th Precinct on the Upper

West Side of Manhattan, waive service of summons.

SO ORDERED.

Dated:    April 6, 2026
          New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    D'Agostino Supermarkets, Inc.
      800 3rd Avenue, 5th Floor
      New York, New York 10022

2.    Russell Slick Watson
      Store Manager, Store #815
      633 Columbus Avenue
      New York, New York 10019