UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DESMOND QUICK,

Plaintiff,

-v-

D'AGOSTINO'S SUPERMARKET FRANCHISE, et al.,

Defendants.

---

24-CV-09297 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Desmond Quick, who is appearing *pro se* and is presently incarcerated in the Auburn Correctional Facility, filed this action seeking damages relief under 42 U.S.C. § 1983.[1] He sues: (1) "Dagostinos Supermarket Franchise," which appears to be D'Agostino Supermarkets, Inc. ("D'Agostino's"); (2) Russell Slick Watson, the manager of the D'Agostino's store located at 633 Columbus Avenue, in New York, New York; (3) Detective Isaac Moultry; (4) Detective Diaz. The Court understands Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1981 and under state law.

By order dated December 11, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

The Court previously ordered service on defendant Watson. ECF No. 9. A review of the Marshal's Process Receipt and Executed Return of Summons, ECF No. 16, suggests that service

---

[1] Plaintiff filed his complaint while he was incarcerated in the Elmira Correctional Facility.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

was not properly effectuated on Mr. Watson. Accordingly, the Court directs service of the Amended Complaint on Mr. Watson.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for Russell Slick Watson. The Clerk of Court is further instructed to issue a summons for Defendant Russell Slick Watson, and deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the amended complaint the defendant.

If the amended complaint is not served within 90 days after the date summonses for the defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

**CONCLUSION**

The Court directs service on Defendant Russell Slick Watson. The Court further directs the Clerk of Court to: (1) issue a summons for Russell Slick Watson; (2) complete USM-285

[3]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

form with the service address for defendant Watson; and (3) deliver all documents necessary to effect service of a summons and the amended complaint on defendant Watson to the USMS.

SO ORDERED.

Dated: April 6, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

Russell Slick Watson
168-63 119th Avenue
Jamaica, NY 11434